```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CHARLES BRACCIODIETA,            :   HONORABLE JOSEPH E. IRENAS
                                 :
        Petitioner,              :   CIVIL ACTION NO. 09-5462 (JEI)
                                 :
     v.                          :
                                 :              **OPINION**
UNITED STATES OF AMERICA,        :
                                 :
        Respondent.              :


**APPEARANCES:**

CHARLES BRACCIODIETA, Petitioner *pro se*
Prisoner No. 14674-018
F.C.I. Tuscon
P.O. 23811
Tuscon, Arizona 85734

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Ronald Chillemi, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
     Counsel for Respondent


**IRENAS**, Senior District Judge:

   Before the Court is Petitioner's two-count Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, both counts will be denied without an evidentiary hearing.


                                **I.**

   As the basic facts of this case are recited in the Third Circuit's opinion disposing of Petitioner's direct appeal, *see*

*U.S. v. Bracciodieta,* 335 F. App'x 231 (3d Cir. 2009), only a brief recitation of the relevant facts is necessary. In September, 2005, Petitioner robbed two banks on two separate occasions.[1] He pled guilty to a two-count information charging him with bank robbery in violation of 18 U.S.C. § 2113(a) and 2.

In the instant matter, Petitioner asserts two claims of ineffective assistance of counsel. First, Petitioner asserts that prior to his guilty plea, his counsel's performance was constitutionally deficient because she allegedly failed to object, or intentionally waived any objection, to the Government's alleged Speedy Trial Act violation. Second, Petitioner asserts that at sentencing, his counsel failed to object to allegedly erroneous negative statements the Government made about Petitioner.

In response to the Petition, the Government asserts that Petitioner's application is untimely and that his claims were raised and rejected in his direct appeal. Both arguments are clearly flawed.[2] However, on the merits, Petitioner's claims fail.

---

[1] Petitioner committed these crimes while on supervised release following a prior bank robbery conviction.

[2] Petitioner has filed a motion stating that he did not receive pages 5 and 6 of the Government's response, and asks this Court to allow him 20 extra days to respond after receiving the missing pages. Because the Court entirely rejects the Government's arguments, Petitioner need not respond to those arguments. Accordingly, Petitioner's motion will be denied.

**II.**

Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also* Rules Governing § 2255 Cases, Rule 1(a). Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A district court is given discretion in determining whether to hold an evidentiary hearing on a § 2255 application. *See Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the court must first determine whether the Petitioner's claims, if proven, would entitle him to relief, and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 291 (3d Cir. 1991). Accordingly, a district court may summarily dismiss a § 2255 application without a hearing where the "motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *U.S. v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994)

(quoting *U.S. v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *Forte*, 865 F.2d at 62.

### III.

The Government's procedural objections require only brief discussion before turning to the merits of Petitioner's claims.

First, the Government asserts that Petitioner's claims are time-barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year window for filing a § 2255 petition after the "date on which the conviction becomes final." 28 U.S.C. § 2255. However, according to the Government's own analysis, which is correct, Petitioner filed this § 2255 petition less than a week after his judgment of conviction became final. The instant application is timely.

Second, the Government asserts that Petitioner's claims were raised and rejected in his direct appeal. While Petitioner did assert an ineffective assistance of counsel claim on direct appeal, and the Third Circuit considered and rejected it[3], that ineffective assistance of counsel claim is obviously different from the claims he asserts here. On direct appeal, Petitioner's ineffective assistance of counsel claim was based on his counsel's failure to call a psychiatric expert to testify at his

---

[3] *See Bracciodieta,* 335 F. App'x at 235.

4

sentencing. Because Petitioner has not previously raised the instant two claims, and those claims are properly raised in a § 2255 motion, Petitioner is entitled to a decision on the merits.

### A.

Petitioner asserts that his Sixth Amendment right to counsel was violated. The Supreme Court has long recognized that the Sixth Amendment right to counsel exists in order to protect a defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). This right to counsel includes within it the right to *effective assistance* of counsel. *Id.* at 686; *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland*, the Court held that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

A convicted defendant seeking to have his conviction or sentence vacated due to the incompetence of counsel must show that his counsel's performance was deficient and that he was prejudiced by the deficiency. *Id.* at 687. The first prong of this test requires a habeas petitioner to demonstrate that his lawyer "made errors so serious that counsel was not functioning

as the 'counsel' guaranteed the defendant by the Sixth Amendment," such that counsel's representation fell below an objective standard of reasonableness. *Id.* Second, the petitioner must show that but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the guilty plea context, "the prejudice question is whether, absent the ineffective assistance, there is a reasonable probability that the defendant would have accepted the plea bargain offer." *Boyd v. Warden*, 579 F.3d 330, 354 (3d Cir. 2009) (internal citation and quotation omitted).

A court reviewing a habeas petitioner's claim of ineffective assistance of counsel need not determine whether counsel's performance fell below an objective standard of reasonableness before addressing whether the defendant was prejudiced by counsel's errors. *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

**1.**

Petitioner asserts that his counsel was constitutionally deficient by failing to object to, or expressly waiving, the

Government's alleged failure to file an information against Petitioner within 30 days of his arrest.  *See* 18 U.S.C. § 3161(b).  While Petitioner acknowledges that the parties jointly requested, and the magistrate judge approved, various continuances pursuant to § 3161(h)(8)(A) (so-called "ends-of-justice" continuances), he contends that the stipulated order of April 6, 2006 was invalid because it was back-dated to January 9, 2006.  Because, Petitioner reasons, ends-of-justice continuances cannot be granted *nunc pro tunc* if the Speedy Trial clock has already run[4]-- which, apparently it had-- he argues that his counsel should not have signed the April 6, 2006 stipulated order.  He further asserts that he "was prejudiced by counsel's performance [because] there exists a reasonable probability that a defense motion to dismiss . . . would have been granted."

---

[4]  The Third Circuit has not addressed the *nunc pro tunc* granting of ends-of-justice continuances in the context of the 30 day time period set forth in § 1361(b), but has said that such retroactive continuances cannot operate to exclude the time provided in § 1361(c)(1) (mandating that trial commence 70 days from the filing of the information or indictment).  *See U.S. v. Lattany*, 982 F.2d 866, 876-77 (3d Cir. 1992) (citing *U.S.v. Carasquillo*, 667 F.2d 382, 382 (3d Cir. 1981) and *U.S. v. Rivera Constr. Co.*, 863 F.2d 293 (3d Cir. 1988)); *see also U.S. v. Boone*, 2002 U.S. Dist. LEXIS 23698 at *17 (D.N.J. Dec. 6, 2002)(Simandle, D.J.)  ("To enter an appropriate ends of justice continuance, the court must grant the continuance before the Speedy Trial Act clock has run.")(citing *Lattany* and *Carasquillo*).  The Court assumes without deciding that the same rule applies in this case.

(Petition, p. 5)

The Court need not decide whether defense counsel's performance in agreeing to a *nunc pro tunc* continuance, in order to allow for further plea negotiations, was constitutionally deficient. Petitioner has not established prejudice.

Even if counsel had moved to dismiss the case pursuant to 18 U.S.C. § 3162(a)(1), such a dismissal would have been without prejudice. Section 3162(a)(1) provides,

> [i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice.

First, Petitioner's offenses were serious. He was accused of two charges of bank robbery by force, violence, and intimidation, which happened to occur while he was on supervised release in connection with a prior bank robbery. Second, the delays resulted from plea negotiations. Third, nothing in the record indicates that Petitioner was actually prejudiced by the delay or that the delay resulted from the Government's bad faith.

Accordingly, any dismissal counsel would have obtained would have been without prejudice. This result does not satisfy the prejudice-prong of the *Strickland* test. *United States v. Fowers,* 131 F. App'x 5, 6-7 (3d Cir. 2005) (holding that Fowers suffered

no prejudice because dismissal for Speedy Trial Act violation would have been without prejudice considering the seriousness of the offense); *see also Chambliss v. U.S.*, 2010 U.S. App. LEXIS 12922 at *5-6 (11th Cir. June 23, 2010) (holding that petitioner, convicted of a bank robbery charge, suffered no prejudice because dismissal for Speedy Trial Act violation would have been without prejudice, in light of the seriousness of the charges and the absence of evidence that delay prejudiced him); *U.S. v. Thomas*, 305 F. App'x 960, 963-64 (4th Cir. 2009) (holding that petitioner suffered no prejudice because "the length of delay, the seriousness of the narcotics and firearms charges, and the lack of evidence of prosecutorial neglect or misconduct causing delay would have, at most, resulted in dismissal without prejudice."); *Milligan v. U.S.*, 213 F. App'x 964, 965 (11th Cir. 2007) (holding that petitioner suffered no prejudice because "the district court would have likely dismissed the charges without prejudice, and the case would have been refiled."); *Campbell v. U.S.*, 364 F.3d 727, 731 (6th Cir. 2004) (holding that petitioner suffered no prejudice because, in weighing the § 3162(a)(1) factors, any dismissal would have been without prejudice).

Count One of the Petition must be denied.

2.

Petitioner also asserts that counsel "rendered deficient

performance at sentencing by failing to object to [the] prosecutor's introduction of false information; specifically, defendant never possessed a knife, nor has defendant ever been transferred from a B.O.P. facility for disciplinary reasons." (Petition, p. 6)  Petitioner further explains that he was prejudiced because "by her neglect, counsel allowed the Court to rely on inaccurate facts to support the conclusion that defendant was a 'troublesome inmate.'" (Id.)

Petitioner has failed to establish prejudice.  He cannot demonstrate that but for counsel's alleged error, his sentence would have been lower.  The Court sentenced Petitioner to 127 months, which was 28 months lower than the guideline range implicated by the plea agreement.[5]  There is no reasonable probability that the Court would have further lowered Petitioner's sentence in the absence of the allegedly erroneous information.

Count 2 of the Petition must be denied.

## IV.

For the reasons set forth above, the Court will deny

---

[5] At sentencing, Petitioner's counsel presented evidence of Petitioner's "life-long and well-documented history of mental illness," which included diagnoses of bipolar disorder with recurrent manic episodes.  (Maggie Moy, Esq.'s Letter Brief of January 8, 2007, p. 3)

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 without an evidentiary hearing.[6] Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).  The Court will issue an appropriate Order.

Dated: July 6, 2010

                                           s/ Joseph E. Irenas
                                           **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[6] Petitioner also filed a Motion for Entry of Default when the Government failed to timely respond to the Petition. Although the Government's response was late, Petitioner was not prejudiced by the delay, and entering default against the Government would unfairly prejudice it, because Petitioner's claims are without merit.  Thus, good cause exists to excuse the Government's default.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause.")  Accordingly, the Motion for Entry of Default will be denied.